**WO**                                                                                          TCK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bobby Joe Jackson, | No. CV 05-3162-PHX-MHM (GEE) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, et al., | |
| Defendants. | |

Plaintiff Bobby Joe Jackson, currently confined in the Arizona State Prison in Douglas, Arizona, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. By order of the Court filed on April 21, 2006 (Doc. #5), the Complaint was dismissed with leave to amend. On May 5, 2006, Plaintiff filed an Amended Complaint (Doc. #7).

**A.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The Court also must dismiss a complaint or portion thereof if

**TERMPSREF**

1 Plaintiff fails to exhaust any administrative remedy available to him.  42 U.S.C. § 1997e(a).

2 **B.**     **Amended Complaint**

3 In the Amended Complaint, Plaintiff alleges that while he was incarcerated at the
4 Maricopa County Jail, as a result of the extremely overcrowded conditions, he was subjected
5 to a lack of privacy and humiliation, he was not afforded the right to freely practice his
6 Islamic religion, he was exposed to paint fumes on a regular basis and he was exposed to
7 unsanitary and unhealthy conditions. Named as Defendants are: Joseph Arpaio and Chaplin
8 Bustow.  Plaintiff alleges that Defendant Arpaio, as commander of the jail, was aware of the
9 conditions and failed to act to alleviate the problem.  Plaintiff alleges that Defendant Bustow
10 failed to obtain or seek an outside contractor for religious services, failed to provide an area
11 of prayer for Muslims at the jail and failed to provide for other religious services.  The Court
12 will require and answer from Defendants Arpaio and Bustow as to these claims.

13 **C. Hart v. Hill Claims**

14 Throughout his Complaint, Plaintiff refers to Hart v. Hill, No. CIV 77-0479-PHX-
15 EHC (D. Ariz.), claiming that the conditions of his confinement violated an Amended
16 Judgment in that action.  Jurisdiction to enforce the judgment is retained by the court which
17 entered it.  Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004).  A civil rights action
18 is not the proper means by which to enforce the decree.  Cagle v. Sutherland, 334 F.3d 980,
19 986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung,
20 920 F.2d 525, 534 (8th Cir.1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir.
21 1986). Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim
22 for damages because such orders do not create "rights, privileges, or immunities secured by
23 the Constitution and laws."  Green, 788 F.3d at 1123-24.  Remedial decrees are the means
24 by which unconstitutional conditions are corrected but they do not create or enlarge
25 constitutional rights.  Id. at 1123.  To the extent Plaintiff seeks to enforce Hart v. Hill, his
26 claim is not properly brought in this action. Accordingly, the Court will dismiss this claim.

27 **D.**     **Warnings**

28 *1. Address Changes*

Plaintiff must file and serve a notice of a change of address 10 days before his move is effective. See LRCIV 83.3(d). Plaintiff shall not include a motion for other relief with his notice of change of address.

*2. Copies*

Plaintiff must submit an additional copy of every original motion or other document filed for use by the District Judge or Magistrate Judge to whom the case is assigned. See LRCiv 5.4. Failure to comply with this requirement may result in the motion or document being stricken without further notice to Plaintiff.

*3. Possible dismissal*

Plaintiff is warned that if he fails to timely comply with every provision of this Order, including these warnings, this action will be dismissed without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court). Moreover, because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal of this action will count as a "strike" under the "three strikes" provision of the Prison Litigation Reform Act. See 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED THAT:**

(1) That the Hart v. Hill claims are dismissed from this action;

(2) The Clerk of Court shall send Plaintiff a service packet including the Amended Complaint, this Order, and both summons and request for waiver forms for Defendants Arpaio and Bustow;

(3) Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(4) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on each Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the

1 action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the
2 Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

3 (5) The United States Marshal shall retain the Summons, a copy of the Amended
4 Complaint, and a copy of this Order for future use.

5 (6) The United States Marshal shall notify Defendants of the commencement of this
6 action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
7 Rules of Civil Procedure.  The notice to Defendants shall include a copy of this Order.  The
8 Marshal shall file waivers of service of the summons or requests for waivers that were
9 returned as undeliverable as soon as they are received.  If a waiver of service of summons
10 is not returned by a Defendant within thirty days from the date the request for waiver was
11 sent by the Marshal, the Marshal shall:

12 (a) Personally serve copies of the Summons, Amended Complaint, and this
13 Order upon the Defendant pursuant to of the Federal Rules of Civil Procedure;

14 (b) Within 10 days after personal service is effected, file the return of service
15 for the Defendant, along with evidence of the attempt to secure a waiver of service of
16 the summons and of the costs subsequently incurred in effecting service upon the
17 Defendant.  The costs of service shall be enumerated on the return of service form
18 (USM-285) and shall include the costs incurred by the Marshal for photocopying
19 additional copies of the Summons, Complaint, or this Order and for preparing new
20 process receipt and return forms (USM-285), if required.  Costs of service will be
21 taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the
22 Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

23 (7) **A Defendant who agrees to waive service of the Summons and Amended**
24 **Complaint shall return the signed waiver forms to the United States Marshal, not the**
25 **Plaintiff.**

26 (8)  Defendants shall answer the Amended Complaint or otherwise respond by
27 appropriate motion within the time provided by the applicable provisions of Rule 12(a) of
28 the Federal Rules of Civil Procedure.

(9) Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

(10) Plaintiff shall serve upon Defendants, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendants or counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(11) This matter is referred to Magistrate Judge Glenda E. Edmonds pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 18th day of May, 2006.

Mary H. Murguia
United States District Judge