**WO**                                                    LMH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bobby Joe Jackson,<br><br>       Plaintiff,<br><br>vs.<br><br>Chaplain Bristow, et al.,<br><br>       Defendants. | No. CV 05-3162-PHX-MHM (GEE)<br><br>**ORDER** |

In this civil rights action brought by a former county jail inmate, Defendants moved to dismiss for lack of exhaustion (Doc. #12). Plaintiff responded, and Defendant replied (Doc. ##14-15). The Court will grant the motion as to Count III but deny it as to Counts I and II.

**I. The Exhaustion Requirement**

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

## II. Parties' Contentions

In his First Amended Complaint, Plaintiff brought three counts alleging that while at the jail, he was subjected to (1) a lack of privacy in the restroom area, (2) restrictions on his religious exercise, and (3) exposure to lead paint fumes and conditions that were overcrowded, unsanitary and unhealthy (Doc. #7 at 4-6). The Court required Defendants Chaplain Bristow[1] and Maricopa County Sheriff Joseph Arpaio to answer except to the extent that the claims were brought pursuant to Hart v. Hill (Doc. #8).

Defendants moved to dismiss, contending that Plaintiff failed to exhaust remedies for Counts II and III (Doc. #12). They did not address the lack of privacy claim in Count I. Plaintiff, for his religious exercise claim in Count II, alleged in his First Amended Complaint that Chaplain Bristow stopped his grievance and made it seem as though Plaintiff should seek an outside contractor to lead prayer services (Doc. #7 at 5). For his conditions claim in Count III, Plaintiff asserted that officers stated that the issues were not grievable and that the roaches were the fault of the inmates (Id. at 7).

Defendants, to support their exhaustion defense, submitted the affidavit of Sergeant Zelean Tademy, who tracks and processes grievances for the Inmate Hearing Unit (Tademy Aff. ¶ 2, Ex. 1, Doc. #12). Defendants contend that Plaintiff's allegation that his religious exercise claim was stopped by Chaplain Bristow is inconsistent with jail records which show

---

[1] Plaintiff sued "Bustow" but it is now apparent that the Defendant's name is Sarahlyn Bristow (Reply, Ex. 3). The Court will require the Clerk to update the docket to reflect the proper name.

- 2 -

1  that Plaintiff filed twelve grievances, none of which concerned religious exercise (Id. at ¶ 8).
2  Plaintiff's statement that he did not grieve the conditions claim in Count II is also
3  inconsistent with jail records showing that he filed one grievance regarding unhealthy
4  conditions (Id.). Defendants did not attach a copy of any grievances to their motion.

5        Plaintiff's Response is directly contrary to Defendants' position – he states that he
6  grieved the religious exercise claim but claims that he did not grieve the conditions claim
7  (Resp. at 3, Doc. #14). He submits a copy of his religious exercise grievance in which he
8  claimed that he was denied the right to attend Friday Juma services at the Lower Buckeye
9  Jail (Ex. A, Doc. #14). Chaplain Bristow responded that she visited Plaintiff and advised him
10 to write his mosque for verification that he was Muslim. Once he was verified, he would be
11 provided with a religious diet and the chaplain would call a mosque to ask for a volunteer to
12 visit Plaintiff (Id.). Attached to the grievance is a follow-up note from Bristow that she had
13 requested someone from the Islamic Community of Tempe to visit Plaintiff. Plaintiff then
14 signed the grievance under a line indicating that it had been resolved informally or
15 withdrawn (Id.). According to Plaintiff, Bristow stopped the grievance process by making
16 it seem that it was Plaintiff's responsibility to get someone to lead Juma prayer services
17 (Resp. at 6, Doc. #14). Plaintiff also claims that Bristow never returned the grievance to its
18 proper channels in the grievance system, but he does not fully explain this allegation (Id.).

19       Plaintiff seeks to excuse his failure to file a grievance on his conditions claim by
20 arguing that he was not aware of the violations until May 2006 (Resp. at 3, Doc. #14). He
21 further claims that the violations were purposely hidden so he could not grieve them, and he
22 was hindered from filing a grievance because the sheriff did not make an announcement that
23 the Madison Street Jail was being remodeled because of the violations (Id. at 4-5). Finally,
24 Plaintiff contends that the process is flawed and in support he submits the affidavit of an
25 inmate named Karl Minnick, who attests to his difficulties with the system (Id. at 7 & Ex. B).

26       Defendants replied that Plaintiff conceded that he did not exhaust administrative
27 remedies (Doc. #15). They do not contest that Plaintiff filed a grievance on religious
28 exercise, but they assert that it was resolved informally, as were other grievances on lack of

1  privacy and unsafe shower conditions (Reply at 3-4 & Ex. 1-3, Doc. #15). In support, they
2  submit Bristow's affidavit attesting that she spoke to Plaintiff, and he agreed that his
3  grievance was resolved and signed it indicating so (Bristow Aff. ¶ 6, Ex. 3, Doc. #15).
4  According to Defendants, informal resolution does not constitute exhaustion (Reply at 4,
5  Doc. #15). They also contend that Plaintiff was able to file twelve grievances and did not
6  provide support for his claim that he was prevented from exhausting his remedies, and that
7  the Minnick affidavit is not specific to Plaintiff's experience with the grievance process (Id.
8  at 2-5).

9  **III. Analysis**

10  **A. "Available" Grievance Process**

11  As stated, Defendants bear the burden of demonstrating what remedies are
12  "available." See Wyatt, 315 F.3d at 1119; Brown, 422 F.3d at 936-37. Defendants submitted
13  copies of the jail's grievance policy and evidence that Plaintiff filed twelve grievances. The
14  Court is not persuaded by Plaintiff's contentions that process was rendered unavailable
15  because there was no announcement that the jail was being remodeled and that the process
16  was flawed as shown by Minnick's affidavit. The remodeling of the jail is not relevant to
17  Plaintiff's knowledge that the conditions were unsanitary nor do Minnick's attestations bear
18  relevance to Plaintiff's individual experience with the jail's grievance system. Also, Plaintiff
19  has not countered Defendants' contention that he submitted grievances on twelve occasions.
20  The Court is persuaded that a grievance process was available at the jail.

21  **B. Count I: Lack of Privacy**

22  For the lack of privacy claim in Count I, Defendants did not set forth any contentions
23  regarding absence of exhaustion in their motion. In their Reply, they seem to imply that this
24  claim was not exhausted because it was informally resolved. It is unclear whether they are
25  seeking dismissal of this claim as unexhausted. Even if they are, Plaintiff has not had an
26  opportunity to address their contentions because they were asserted in the Reply. To the
27  extent that Defendants may be seeking dismissal of Count I, their motion is denied.

28

### C. Count II: Religious Exercise

For the religion claim, the parties do not dispute that Plaintiff filed a grievance that was informally resolved. Defendants have not explained why an informal resolution constitutes lack of exhaustion. The Ninth Circuit squarely held that an inmate's remedies are exhausted "once he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available." Brown, 422 F.3d at 935. Once a prisoner has won all the relief that was available, his remedies are exhausted. Id. (citing Ross v. County of Bernalillo, 365 F.3d 1181, 1187 (10th Cir. 2004)). Exhaustion is not required "when *no* pertinent relief can be obtained." Brown, 422 F.3d at 935.

Defendants have not carried their burden of showing that Plaintiff had an available remedy once his grievance was informally resolved. Bristow attested that in response to Plaintiff's grievance, she contacted the Islamic Community of Tempe to request a visit for Plaintiff (Bristow Aff. ¶¶ 4-5, Ex. 3, Doc. #15). She then talked to Plaintiff who agreed the matter was resolved (Id. ¶ 6). There is no evidence in the record that once Bristow told Plaintiff she would seek a visit that Plaintiff had any type of relief available in the grievance system. Plaintiff believed that the grievance process had concluded because it was his responsibility to get someone to lead Juma prayer services. The words "informally resolved" themselves indicate that the grievance process has reached its conclusion. Accordingly, the Court denies Defendants' motion on Count II.

### D. Count III: Conditions

For Count III, Defendants contend that Plaintiff conceded that he did not grieve roach infestation, lead paint exposure and unsanitary conditions, and he also filed a grievance on unsafe shower conditions but did not appeal it. In his First Amended Complaint, Plaintiff asserted that he was told that the issues were not grievable. In his Response, he failed to develop this assertion. Instead, he employed a different angle; he argued that without an announcement from the jail that it was being remodeled he could not grieve the claims and that the claims were purposely hidden. This assertion is not believable, as roach infestation,

1 lead paint fumes that allegedly caused Plaintiff to suffer a sore throat and headaches, and
2 unclean cells are not hidden conditions. The inconsistency between Plaintiff's allegations
3 in his Complaint and his Response, and the lack of feasability of contentions in his Response,
4 does not show that the remedy was unavailable to Plaintiff. Defendants have carried their
5 burden on Count III, and this claim will be dismissed without prejudice.

6 **IT IS ORDERED:**

7 (1) Defendants' Motion to Dismiss (Doc. #12) is **granted in part and denied in**
8 **part.**

9 (2)   Count III regarding conditions is **dismissed** without prejudice for lack of
10 exhaustion. Counts I and II remain.

11 (3) The Clerk of Court must update the docket sheet to reflect that "Chaplin Bustow"
12 is "Chaplain Sarahlyn Bristow".

13 DATED this 16th day of November, 2006.

_____
Mary H. Murguia
United States District Judge